William C. COE and Minta Godwin
Coe, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 755.

United States District Court,
N. D. Florida, Pensacola Division.

Dec. 17, 1956.

John M. Coe, Pensacola, Fla., for plaintiffs Coe.

Richard M. Roberts, Sp. Atty., U. S. Dept. of Justice, Washington, D. C., Harold Carswell, U. S. Atty., Tallahassee, Fla., C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., for defendant, United States.

DE VANE, Chief Judge.

Paraphrasing Circuit Judge Brown in Smith v. Commissioner of Internal Revenue, 5 Cir., 232 F.2d 142, this is another in the flooding stream of 26 U.S.C.A. § 117(j) (1) (B) cases involving the question whether real property claimed to be held as an investment for rental, has, at the time of its sale, become property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business. The controlling facts in this case differ only slightly from the facts in the Smith case and to the extent they do differ, this is a stronger case for the taxpayers.

The testimony adduced at the trial shows that the dwellings involved were constructed at Navy Point outside of Pensacola, Florida, during 1944 and early 1945. The dwellings were constructed by a partnership consisting of J. D. Godwin, brother of Mrs. Coe, and Mr. William C. Coe on land which was purchased by a corporation in which the partners were stockholders along with their respective wives. The partnership was dissolved after construction operations were completed in 1945 and on September 29, 1945, the dwellings in question were conveyed to wives of the partnership, Mrs. Coe receiving twenty-three and Mrs. Godwin receiving twenty-seven dwellings.

These houses were all built pursuant to National Housing Agency regulations, which severely restricted and limited the use and disposition of such houses. When these houses were acquired by Mrs. Coe, they constituted an attractive rental property, but after the housing regulations were lifted they lost their attractiveness for such use and in 1947 Mrs. Coe and her husband decided to offer the property for sale and liquidate Mrs. Coe's investment in the houses.

This was accomplished through the activities of Mr. Coe, operating through the Escambia Mortgage and Investment Company controlled by himself and his wife. Nine of the houses were sold in 1947 and eleven in 1948.

Mrs. Coe did not testify in the case. Mr. Coe testified that his wife brought some money to their union in 1916 and that she had always held a financial interest in his business ventures, but never participated in their management or operation. He testified further that he and his wife had been in the real estate business for many years prior to 1945 but that they had never built and operated any rental properties. He also testified that it was the purpose of himself and his wife for her to continue to hold this property as an investment as long as it could be successfully operated as rental property and that it was only after it could not be so operated that his wife made the decision to sell the property. He testified that an additional cause moving her to sell at the time was her desire to build a home and that the profits from the sale of the property were used for that purpose. He testified that the selling was handled under his direction through the Escambia Mortgage and Investment Company, which company was not engaged ordinarily in the building or selling of houses. The auditor that kept plaintiffs' books testified to the very substantial decline in the rental profits realized in 1946.

Upon authority of the decisions of the Court of Appeals in similar cases, Smith v. Commissioner of Internal Revenue, supra, and cases therein cited, it seems unnecessary to labor this matter further. The Court finds and holds that upon the facts of this case and the authority of the cases just referred to that plaintiffs were entitled to have the property in question treated as a capital asset and when sold to have any profits realized subject only to the capital gain tax. A judgment will be entered accordingly for the amounts sued for herein.